Original form provided free of Charge by CO DOC Legal Services to
Offender __Milligan__    DOC# __42327__
Date __MAR 02 2022__

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

__Gino Lerner__
__Brian Aigner__ _____, Plaintiff(s)

v.

__Dean Williams, in his official capacity__ ,

__Michelle Brodeur, in her official capacity__ ,

__Joy Hart, in her official capacity__ ,

__Christina Ortiz-Marquez, in her official capacity__ Defendant(s).

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**APR 13 2022**

JEFFREY P. COLWELL
CLERK
_____

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

Original form provided free of Charge by CO DOC Legal Services to
Offender _Lerner_  DOC# _119107_
Date _MAR 2 1 2022_

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Gino Lerner, DOC No. 119107 – Fremont Correctional Facility, P.O.
(Name, prisoner identification number, and complete mailing address)

Box 999, Unit-6, Canon City, Colorado 81215-0999
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
_X_    Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: *(Please explain)* _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Dean Williams - Executive Director of CDOC – 1250 Academy
(Name, job title, and complete mailing address)

Park Loop, Colorado Springs, Colorado 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ____ No *(check one)*. Briefly explain:

Defendant acted in his capacity as Executive Director
of the Colorado Department of Corrections

Defendant 1 is being sued in his/her ____ individual and/or _X_ official capacity.

2

A. <u>PLAINTIFF INFORMATION</u> (Continued)

Brian Aigner, DOC No. 186942 - Fremont Correctional Facility, P.O. Box
999, Unit-6, Canon City, Colorado 81215-0999

___X___ Convicted and sentenced state prisoner.

2a

Original form provided free of Charge by CO DOC Legal Services to
Offender ___Milligan_____ DOC# __42327__
Date ___MAR 07 2022____

Defendant 2:  <u>Michelle Brodeur – Chief of Medical Services – 1250 Academy</u>
(Name, job title, and complete mailing address)

<u>Park Loop, Colorado Springs, Colorado 80910</u>

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? _X_ Yes ___ No (*check one*).  Briefly explain:

<u>Defendant was at the time Chief of Medical Services for the</u>

<u>Colorado Department of Corrections</u>

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3:  <u>Joy Hart – Chief of Behaviorial Health – 1250 Academy</u>
(Name, job title, and complete mailing address)

<u>Park Loop, Colorado Springs, Colorado 80910</u>

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? _X_ Yes ___ No (*check one*).  Briefly explain:

<u>Defendant was at the time Chief of Behaviorial Health for</u>

<u>the Colorado Department of Corrections</u>

Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

## C.     <u>JURISDICTION</u>

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_     42 U.S.C. § 1983 (state, county, and municipal defendants)

____     *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
(federal defendants)

_X_     Other: (*please identify*) <u>42 U.S.C. 1988 and 28 U.S.C. 1331 and 1343</u>

3

Defendant 4: <u>Christina Ortiz-Marquez - Director of SOTMP - 1250</u>
<u>Academy Park Loop, Colorado Springs, Colorado 80910</u>

At the time the claim(s) in this complaint arose, was the
defendant acting under color of state or federal law?
_X_ Yes ___ No. Briefly explain:

<u>Defendant was at the time Director of SOTMP for</u>

<u>the Colorado Department of Corrections</u>

Defendant 4 is being sued in his/her ___ individual
and/or _X_ official capacity.

4

# I. INTRODUCTION

Mr. Lerner and Mr. Aigner are inmates in the custody of the Colorado Department of Corrections ("CDOC") serving an indeterminate sentence at Fremont Correctional Facility ("FCF") under the Colorado Sex Offender Lifetime Supervision Act of 1998 (the "1998 Act"). Pursuant to the plain language of the 1998 Act, sex offenders "shall be required as part of the sentence to undergo treatment" and will not be released on parole unless they have "successfully progressed in treatment." Colo. Rev. Stat. §§ 18-1.3-1004 (3), 18-1.3-1006 (1)(a). As a result, under the 1998 act, participation in sex offender treatment is an absolute prerequisite for release on parole.

Despite the clear statutory mandate, CDOC, by and through the Defendants, has arbitrarily denied both Mr. Lerner and Mr. Aigner the opportunity to participate in sex offender treatment — without notice, without a hearing, without a meaningful periodic review, and without any legitimate penological justification. This deprivation of treatment is the result of a conscious decision by CDOC, which only offers sex offender treatment at a limited number of facilities, refuses to transfer inmates for the purpose of obtaining treatment prior to their parole eligibility date, and prioritizes treatment based on a deeply flawed and antiquated system that flouts both the letter and spirit of the 1998 Act.

The practical result of these conscious and willful decisions by CDOC is that both Mr. Lerner and Mr. Aigner are ineligible for parole and they will continue to languish in prison indefinitely. Despite the fact that both Mr. Lerner and Mr. Aigner maintain exemplary disciplinary records, meet all criteria for participating in treatment, and have made a sustained effort to avail themselves of all available resources while incarcerated, they will never be paroled unless and until they are permitted access to treatment as required by the 1998 Act. The Defendants are fully aware of these circumstances and have made a conscious decision not to remedy their continued deprivation of treatment.

On November 5 , 2020, the inevitable happened again for the third

time, Mr. Lerner appeared before a hearing officer for the Colorado State Board of Parole on application for community release. The application was subsequently reviewed, as it must be under the 1998 Act, and the Parole Board denied Mr. Lerner's application for parole. In doing so, the Parole Board identified one — and only one — shortcoming relative to Mr. Lerner's readiness for release: "Inadequate treatment participation/progress."

On January 3, 2022, the inevitable happened again for the third time for Mr. Aigner. He appeared before a hearing officer for the Colorado State Board of Parole on application for community release. The application was subsequently reviewed, as it must be under the 1998 Act, and the Parole Board denied Mr. Aigner's application for parole. In doing so, the Parole Board identified one — and only one — shortcoming relative to Mr. Aigner's readiness for release: "Inadequate treatment participation/progress."

To make matters worse, the circumstances both Mr. Lerner's and Mr. Aigner's continued deprivation of treatment are a part of a long-standing and well-documented policy and actual practice on the part of CDOC and the Defendants. Even in the face of damning media coverage, internal audits, and external reviews, CDOC, by and through the Defendants, persists in systematically denying treatment to offenders sentenced under the 1998 Act. As a result, both Mr. Lerner and Mr. Aigner and other similarly-situated offenders continue to suffer in prison without the possibility of parole in a manner that advances no meaningful purpose and serves no legitimate function.

The consequences of this executive overreach are harmful to both Mr. Lerner and Mr. Aigner and other similarly-situated offenders, the public at large, and very balance between our several branches of government. At its core, this case is about CDOC, by and through the Defendants, unilaterally and arbitrarily deciding whether certain individuals will remain in custody indefinitely by means that are wholly divorced from the judicial process and contrary to the clear mandate set forth by the 1998 Act. By an objective measure, the Defendants and CDOC seem primed to continue the unlawful deprivation of treat-

ment for qualified individuals unless and until a court of competent juris-
diction intervenes.

## II. FACTUAL ALLEGATIONS

### Sex Offender Treatment for Individuals Sentenced Under the 1998 Act

The 1998 Act provides the statutory framework for lifetime super-
vision of sex offenders. See, C.R.S. § 18-1.3-1001 et seq.

The 1998 Act mandates treatment for sex offenders with indeter-
minate sentences:

> Colorado's Sex Offender Lifetime Supervision Act does not merely
> suggest that a prisoner who wants to seek parole might enhance
> his chances of being granted early release if he participates in a
> sex offender treatment program. To the contrary, the Act states,
> "Each sex offender sentenced pursuant to this section shall be
> required as a part of the sentence to undergo treatment to
> the extent appropriate pursuant to section 16-11.7-105...."

Beebe v. Heil, 333 F. Supp. 2d 1011, 1016 (D. Colo. 2004) (citing COLO. REV.
STAT. § 18-1.3-1004(3)) (emphasis in original).

The 1998 Act affords CDOC some discretion relative to the manner of
treatment, however, the provision of treatment is mandatory:

> While the statute does vest some degree of discretion in the
> Colorado Department of Corrections, that discretion is not as to
> whether a sex offender should receive treatment; rather, it
> is as to what kind of treatment is "appropriate" for the of-
> fender. Id. COLO. REV. STAT. § 16-11.7-105 (requiring provision
> of appropriate treatment based upon evaluation of offender, recom-
> mendation of department of corrections, and other factors).

Beebe, 333 F. Supp. 2d at 1016.

CDOC offers sex offender treatment as mandated by the 1998 Act
and associated regulations through a program called the Sex Offender
Treatment and Monitoring Program (the "SOTMP").

At all times relevant to this action, the SOTMP had very limited cap-
acity and was only offered at specific CDOC facilities.

7

At all times relevant to this action, admittance to the SOTMP was limited in such a manner that some inmates sentenced under the 1998 Act have been unable to obtain any measure of treatment and will therefore remain in custody indefinitely.

Administrative Regulation 700-19 ("AR 700-19"), promulgated by the CDOC, enforced by the Defendants, and specifically endorsed by Defendant Williams, purports to set forth the manner in which individuals sentenced under the 1998 Act are prioritized for treatment under the so-called "Global Referral List":

> 1. Offenders with judicial determinations of a sex crime that are within 4 years of their parole eligibility date are prioritized for sex offense specific treatment based upon, but not limited to, the following:
>
>    a. Parole eligibility date
>    b. Risk for sexual recidivism
>    c. Prior SOTMP treatment opportunites
>    d. Institutional behavior

AR 700-19(E)(1).

CDOC, by and through the Defendants in this action, has knowingly and willfully managed and operated the Global Referral List in a manner contrary to the letter and spirit of the 1998 Act and AR 700-19. Thus, the Global Referral List is effectively a sham.

The Global Referral List, to the extent that it functions at all, does not comply with the parameters set forth in AR 700-19 and does not afford any meaningful process or procedure by which offenders will be prioritized for treatment in the SOTMP.

CDOC, by and through the Defendants in this action, prioritize individuals for treatment based on criteria unrelated to any legitimate penological interests and beyond the purview of AR 700-19, including, without limitation, the convenience of CDOC staff and cost savings for CDOC.

## Mr. Lerner's Efforts to Gain Access to the SOTMP

On or about September 15, 2003, Mr. Lerner was convicted and sentenced to an indetermine sentence of 22 years to life under the 1998 Act. He was processed through the Denver Reception and Diagnostic Center and then assigned and transferred to the Colorado Territorial Correctional Facility. However, over the next seven years, Mr. Lerner was reassigned and transferred to other correctional facilities on the basis of available bed space security classification that to no account of his treatment needs or the fact he would be deprived of the opportunity to participate in the SOTMP while incarcerated in any of those facilities.

At the time Mr. Lerner was assigned to these numerous facilities, CDOC officials, including the Defendants, knew that the SOTMP was not offered and that Mr. Lerner would be denied timely access to the SOTMP by virtue of his housing assignments. Mr. Lerner had no notice that the SOTMP was unavailable in these facilities and no opportunity to be heard or seek review of his assignments to these facilities. Mr. Lerner is currently housed at the Fremont Correctional Facility and after serving approximately 18 years he has not been provided the opportunity to access or participate in the SOTMP sex offender treatment he needs to become eligible for parole release.

On December 24, 2021, Mr. Lerner filed a Step I grievance requesting treatment and the opportunity to participate in the SOTMP. On January 7, 2022, Mr. Lerner received a response to his Step I grievance that denied his request and stated that his "placement in treatment based upon the current regulation, your PED appears to be the influencing factor for your treatment prioritization and placement. Consequently, your status appears appropriate."

On January 11, 2022, Mr. Lerner then filed a Step II grievance requesting treatment and the opportunity to participate in the SOTMP. On January 19, 2022, Mr. Lerner received a response to his Step II grievance written by Defendant Ortiz-Marquez, who informed Mr. Lerner that he was on the "Global Referral List for SOTMP," and further stating that Mr. Lerner prioritization for placement into SOTMP treatment is detailed

in AR 700-19. Thus, denying his request.

On January 21, 2022, Mr. Lerner then filed a Step III grievance requesting treatment and the opportunity to participate in the SOTMP. On March 3, 2022, Mr. Lerner received a response to his Step III grievance, which denied any relief and underscored the fact that "there is a priority of treatment of offenders and that prioritization is articulated in AR 700-19."

On or about March 5, 2022, Mr. Lerner sent seperate letters to Defendants Williams, Brodeur, and Hart pleading for access to the SOTMP to attempt to obtain some measure of relief. Mr. Lerner has not received a response from any of the Defendants.

## Mr. Aigner's efforts to Gain Access to the SOTMP

On or about November 12, 2019, Mr. Aigner was convicted and sentenced to an indeterminate sentence of 6 years to life under the 1998 Act. He was processed through the Denver Reception and Diagnostic Center and then assigned and transfered to the Crowley County Correctional Facility, a private operated facility by Core Civic, on the basis of available bed space security classification that took no account of his treatment needs or the fact he would be deprived of the opportunity to participate in the SOTMP while incarcerated at that facility.

At the time Mr. Aigner was assigned to this facility, CDOC officials, including the Defendant Christina Ortiz-Marquez, knew that the SOTMP was not offered and that Mr. Aigner would be denied timely access to the SOTMP by virtue of his housing assignment, even with the knowledge that Mr. Aigner met all criteria pursuant to AR 700-19 for placement into the SOTMP. Mr. Aigner had no notice that the SOTMP was unavailable in the facility and no opportunity to be heard or seek review of his assignment to this facility. Mr. Aigner, however, is now currently housed at the Fremont Correctional Facility after serving two years and four months he has not been provided the opportunity to access or participate in the SOTMP sex offender treatment he needs to become eligible for release.

on parole, despite the fact, that Mr. Aigner was eligible for release on parole consideration on January 23, 2020 and should have been assigned to be placed in the SOTMP pursuant to AR 700-19.

On several occassions since his arrival at the Fremont Correctional Facility, Mr. Aigner has attempted to contact the SOTMP Treatment Team requesting treatment. However, the only response he has received to his requests was dated March 24, 2022 with his being informed;

"You are currently on the Global Referral List (GRL) to be placed in a Track I group. Due to the nature of the GRL (it changes as people are admitted to and released from CDOC), it is difficult to give you an exact number of where you stand on the list. The GRL is arranged according to Parole Eligibility Dates (PED). This date may change according to your participation in programs and your eligibility for earned time as it relates to your sentencing and CDOC policy.

On March 24, 2022, Mr. Aigner then filed a Step I grievance requesting treatment and the opportunity for immediate participation in the SOTMP, due to his being approximately two years and two months past his Parole Eligibility Date (PED). Mr. Aigner has received no received no response to the grievance.

<u>Other Circumstances Relevant to Participation in the SOTMP</u>

At all times relevant to this action, both Mr. Lerner and Mr. Aigner met (and continues to meet) treatment participation requirements for the SOTMP.

At all times relevant to this action, participation in the SOTMP was clinically appropriate for both Mr. Lerner and Mr. Aigner based on the evaluations and assessments conducted by CDOC staff.

To date, neither Mr. Lerner or Mr. Aigner has not received notice, an opportunity to be heard, or a meaningful periodic review regarding the refusal of CDOC and the Defendants to provide Mr. Lerner or Mr. Aigner access to the SOTMP.

At all times relevant to this action, both Mr. Lerner and Mr. Aigner

was (and continues to be) classified as "S5" under AR 700-19 (IV)(A) and "R-Ready" under AR 700-19 (IV)(B), meaning that they are recommended for sex offense specific treatment and that they are ready to commence treatment.

To date, neither Mr. Lerner or Mr. Aigner has not received notice, an opportunity to be heard, or a meaningful periodic review of their "S5" designation or their "R-Ready" designation.

At all times relevant to this action, the Defendants had the authority and ability to provide both Mr. Lerner and Mr. Aigner with an opportunity to participate in the SOTMP by simply making it available so they could participate, but the Defendants have not and that has resulted in both Mr. Lerner and Mr. Aigner being unnecessarily kept in prison numerous years past their PED and denied release on parole three separate times each by the parole board because they had "Inadequate treatment participation/progress."

There are no legitimate penological reasons that would preclude either Mr. Lerner or Mr. Aigner from engaging in the SOTMP.

The benefits of participation in SOTMP extend beyond the impact on parole eligibility, including, without limitation, the benefits associated with receiving appropriate and therapeutic clinical services that are routinely provided to SOTMP participants but being denied to Mr. Lerner and Mr. Aigner.

Were it not for CDOC, by and through the Defendants, refusing to allow both Mr. Lerner and Mr. Aigner access to the SOTMP, both Mr. Lerner and Mr. Aigner could have successfully progressed in treatment numerous years ago prior to their parole hearings and would remain actively engaged in treatment as required under the 1998 Act and implementing regulations.

Both Mr. Lerner and Mr. Aigner stands ready to actively engage in treatment should they be provided the opportunity to participate in the SOTMP.

Original form provided free of Charge by CO DOC Legal Services to
Offender ___Lerner___    DOC# __119107__
Date __MAR 2 1 2022__

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim,
specify the right that allegedly has been violated and state all facts that support your claim,
including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s)
involved in each claim, and the specific facts that show how each person was involved in each
claim. You do not need to cite specific legal cases to support your claim(s). If additional space
is needed to describe any claim or to assert additional claims, use extra paper to continue that
claim or to assert the additional claim(s). Please indicate that additional paper is attached and
label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: __Fourteenth Amendment Violation - Procedural Due Process__
__(Against all Defendants)__

Supporting facts:

The Plaintiff's hereby incorporate all other paragraphs of this Prisoners
Complaint as if fully set forth herein.

The Plaintiff's claim they do have a liberty interest in their ability to
access sex offender treatment consonant with the 1998 Act.

Under the Fourteenth Amendment to the United States Constitution, the
Plaintiff's may not be deprived of this liberty interest without due process
of law.

The Defendants have violated both Plaintiff's right to due process by
depriving them, individually and collectively, of the opportunity to parti-
cipate in sex offender treatment without notice, without an opportunity to
contest the deprivation of treatment, and without meaningful periodic
review of their deprivation of treatment.

The deprivation of treatment described herein constitutes an atypical
and significant hardship on both Plaintiff's, individually and collectively,
relative to the ordinary incidents of prison life.

Both Plaintiff's, individually and collectively, have experienced a griev-
ous loss because the Defendants have denied them access to sex offender
treatment thereby making both Plaintiff's, individually, ineligible for parole.

As a direct and proximate result of the Defendants' failure to pro-
vide both Plaintiff's, individually and collectively, with sufficient pro-
cess regarding the deprivation of treatment described herein, the
Plaintiff's, individually, have suffered significant harms.

13

Without the declaratory and injunctive relief requested herein, both Plaintiff's, individually, will continue to be harmed by the Defendants' conduct.

CLAIM TWO: <u>Fourteenth Amendment Violation — Substantive Due Process</u>
(Against all Defendants)

The Plaintiff's hereby incorporate all other paragraphs of this Prisoners Complaint as if fully set forth herein.

The Plaintiff's claim they do have a liberty interest in their ability to access sex offender treatment consonant with the 1998 Act.

The Defendants have violated both Plaintiff's, individually, liberty interests under the Fourteenth Amendment by knowingly and willfully implementing and enforcing a policy and practice of arbitrarily depriving some offenders of statutorily-mandated treatment despite actual knowledge that such deprivation will make the offender ineligible for parole — causing the offender to unnecessarily languish in prison indefinitely.

The Defendants have implemented and enforced this policy and actual practice for years and have made a knowing and willful decision to continue arbitrarily depriving both Plaintiff's, individually and collectively, of treatment despite their authority and ability to resolve these ongoing violations under the Fourteenth Amendment.

As a direct and proximate result of the Defendants' failure to provide both Plaintiff's, individually and collectively, with the opportunity to participate in treatment, both Plaintiff's, individually and collectively, have suffered significant damages.

Without the declaratory and injunctive relief requested, both Plaintiff's, individually, will continue to be harmed by the Defendants' conduct.

14

Original form provided free of Charge by CO DOC Legal Services to
Offender _Leiner_____ DOC# 119107
Date ____MAR 2 1 2022____

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  ___ Yes  _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                  None

Docket number and court:                  None

Claims raised:                            None

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   None

Reasons for dismissal, if dismissed:      None

Result on appeal, if appealed:            None


## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

        _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

        _X_ Yes ___ No (*check one*)

Original form provided free of Charge by CO DOC Legal Services to
Offender  _Lerner_____    DOC#  _119107_
Date  _MAR 2 1 2022___

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

a. That this Court declare that the Plaintiff's, individually, has a cogniz-able liberty interest in accessing sex offender treatment under the 1998 Act and implementing regulations;

b. That this Court declare that the Plaintiff's, individually, have a cogniz-able liberty interest in accessing sex offender treatment in a time and manner that will afford each of them an opportunity to meaningfully progress in treatment prior to their individual parole eligibility dates;

c. That this Court declare the actions of the Defendants' described in this Prisoner Complaint to be in violation of the Plaintiff's, individual,

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Plaintiff's signature)
March 28, 2022
_____
(Date)

(Form Revised December 2017)

G.   <u>REQUESTED RELIEF</u> (Continued)

procedural due process rights under the Fourteenth Amendment;

d.   That this Court declare the actions of the Defendants' described in this
Prisoner Complaint to be in violation of the Plaintiff's, individual,
substantive due process rights under the Fourteenth Amendment;

e.   That this Court enter an injunction ordering the Defendants' to
immediately provide the Plaintiff's, individually, with an oppor-
tunity to participate in treatment forthwith;

f.   That this Court award any and all attorneys' fees and costs of this
action, including expert witness fees, on all claims allowed by law;

a.   That this Court award the Plaintiff's, individually and collectively,
such additional and alternative relief as may be just, proper
and equitable.