IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00888-NYW-NRN

GINO LERNER,
BRIAN AIGNER,

    Plaintiffs,

v.

MOSES ANDRE STANCIL, in his official capacity,
MICHELLE BRODEUR, in her official capacity,
KIMBERLY KLINE, in her official capacity, and
AMANDA RETTING, in her official capacity,

    Defendants.

---

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 8) UNDER FED. R. CIV. P. 12(B)(1) FOR LACK OF SUBJECT-MATTER JURISDICTION**

---

Defendants Moses Andre Stancil, Michelle Brodeur, Kimberly Kline, and Amanda Retting, by and through their undersigned counsel, the Colorado Attorney General, hereby submit the following Motion to Dismiss Amended Complaint (ECF No. 8) Under Fed. R. Civ. P. 12(b)(1) for Lack of Subject-Matter Jurisdiction. In support thereof, Defendants state as follows.

## INTRODUCTION AND RELEVANT FACTS

Plaintiffs are *pro se* litigants in the custody of the Colorado Department of Corrections ("CDOC") who are serving indeterminate life sentences under the Sex Offender Lifetime Supervision Act ("SOLSA"). Plaintiffs brought claims under 42 U.S.C. § 1983, alleging that their substantive and procedural due process rights have been violated because they have not been able to enter sex offender treatment, which is required as part of their sentence. *See generally* ECF No. 8. They allege that they were placed on a waitlist for sex offender treatment,

known as the Global Referral List ("GRL"), but argue the list is a sham, and they will never reach the top of that list. ECF No. 8, at 9. As a result, they contend that they are effectively being denied the sex offender treatment and will remain in custody indefinitely. *Id.* Plaintiffs therefore assert that Defendants violated their procedural and substantive due process rights under the Fourteenth Amendment to the U.S. Constitution. *Id.* They bring this action against Defendants in their official capacities, seeking declaratory relief and "an injunction ordering the Defendants to immediately provide the Plaintiffs, individually, with an opportunity to participate in treatment forthwith." *Id.* at 2-5, 17-18.

On August 11, 2022, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that there is no substantive or procedural due process right to sex offender treatment. ECF No. 21. On May 23, 2023, this Court issued an Order denying Defendants' Motion to Dismiss. ECF No. 43.

As alleged in the Amended Complaint, Plaintiffs were on the GRL when they filed this action. This is consistent with CDOC's policy concerning the SOTMP. Defendant Amanda Retting is the Program Administrator for the SOTMP, and as part of her job responsibilities she assesses the treatment needs of the DOC sex offender population and allocates resources to meet the needs as efficiently as possible, provide oversight over the Global Referral List ("GRL") to ensure the prioritization of offenders awaiting sex offender treatment is correct and review treatment files of inmates in sex offender treatment. Decl. of Amanda Retting ¶¶ 2, 4. Under CDOC policy, offenders with a judicial determination of a sex crime who are within four years of their parole eligibility date are placed on the GRL and prioritized for sex-offense-specific

2

treatment based upon: (a) parole eligibility date, (b) risk for sexual recidivism, (c) prior SOTMP treatment opportunities, and (d) institutional behavior. *Id.* ¶ 6 & Ex. 1.

While Defendants' Motion to Dismiss was pending, Plaintiffs continued progressing to the top of the GRL and ultimately were enrolled in sex offender treatment. *Id.* ¶¶ 10-11. Specifically, Mr. Lerner progressed to the top of the GRL and enrolled in the SOTMP on February 9, 2023. *See id.* ¶ 10 & Ex. 2. Mr. Aigner likewise progressed to the top of the GRL and enrolled in the SOTMP on February 27, 2023. *See id.* ¶ 11 & Ex. 3. Therefore, Plaintiffs have already received the relief that they seek in this lawsuit – to be provided an opportunity to participate in sex offender treatment. As a result, their claims are moot and should be dismissed for lack of jurisdiction.

**STANDARD OF REVIEW**

Mootness deprives a court of subject-matter jurisdiction. *See Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016); *Schell v. OXY USA, Inc.*, 814 F.3d 1107, 1114 (10th Cir.2016) ("If a case is moot, we have no subject-matter jurisdiction."). Therefore, a mootness defense is properly asserted through a Fed. R. Civ. Pro. 12(b)(1) motion.

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal for lack of subject-matter jurisdiction is not a judgment on the merits. Rather, it simply means that the court lacks authority to adjudicate the matter, because it goes to the existence of jurisdiction rather than the allegations of the complaint. *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224-25 (10th Cir. 2012).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion a court may consider matters outside the pleadings. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject-matter jurisdiction depends, a court may not presume the truthfulness of the complaint's "factual allegations ... [and] has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

**ARGUMENT**

The constitutional mootness doctrine "'derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Ghailani v. Sessions*, 859 F.3d 1295, 1300 (10th Cir. 2017) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Mootness has been described as "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 YALE L.J. 1363, 1384 (1973)); *accord Ghailani*, 859 F.3d at 1300-01.

"The crucial question [in the mootness analysis] is whether granting a present determination of the issues offered will have some effect in the real world." *Wyo. v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting *Citizens for Responsible Gov't State*

4

*Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)). "Put another way, a case becomes moot 'when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision.'" *Ind v. Colo. Dep't of Corrs.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quoting *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (internal quotations omitted)). Additionally, "[a] claim for declaratory relief that does not 'settl[e] … some dispute which affects the behavior of the defendant toward the plaintiff' is moot[.]" *Prison Legal News v. Federal Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1097, 1110 (10th Cir. 2010)).

In the correctional facility context, "[a] prisoner's release from or transfer out of a prison system generally moots claims for declaratory and injunctive relief for claims concerning conditions in that system." *Warner v. Patterson*, 534 F. App'x 785, 788 (10th Cir. 2013); *accord McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (release on parole); *Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir.1997) (transfer from state custody to federal custody); *Gillette v. N.M. Parole Bd.*, 42 F. App'x 210, 211-12 (10th Cir. 2002) (release from prison). Specifically in the Colorado sex offender treatment context, the Tenth Circuit has held that where an inmate-plaintiff filed a lawsuit claiming that he had been improperly removed from the SOTMP, and then he subsequently was readmitted into the program, that action was rendered moot and dismissal was warranted. *See Conkleton v. Zavaras*, 527 F. App'x 750, 752-54 (10th Cir. 2013); *see also Edwards v. Zavaras*, No. 11-CV-00918-LTB-MEH, 2011 WL 8609629, at \*5 (D. Colo. Oct. 19, 2011), *report and recomm. adopted*, No. 11-CV-00918-LTB-MEH, 2012 WL 3245404 (D. Colo. Aug. 8, 2012) (equal protection claim asserting other inmates were given priority status for SOTMP participation was moot when plaintiff also was given priority status);

5

*Petersen v. Dunlap*, No. CIV.A. 08-CV-00668, 2010 WL 4977821, at *4 (D. Colo. Oct. 22, 2010), *report and recomm. adopted*, No. 08-CV-00668-ZLW-KMT, 2010 WL 4975561 (D. Colo. Dec. 1, 2010) (holding challenge to removal SOTMP was moot when plaintiff ultimately was released on parole). A similar decision was reached in a district court case where an inmate-plaintiff filed a lawsuit seeking to enter into the SOTMP, and then he was subsequently entered into the program while litigation was pending. *See Kibel v. Williams*, No. 19-CV-00754-PAB-NYW, 2019 WL 8359165, at *2 (D. Colo. Dec. 13, 2019), *report and recomm. adopted*, No. 19-CV-00754-PAB-NYW, 2020 WL 563295 (Feb. 5, 2020).

The same analysis should apply here. Plaintiffs' lawsuit solely seeks declarative and injunctive relief that provides them with an opportunity to participate in the SOTMP, and/or to declare that they have a liberty interest in the same. However, as noted above, they progressed to the top of the GRL and were enrolled in the SOTMP treatment program while this litigation was pending. *See* Decl. of Amanda Retting ¶¶ 10-11. The Court cannot grant them any prospective relief that was not already afforded. Any determination that the Court could make regarding the substantive claims would have no real-world effect – the Court would be ordering that Plaintiffs to be enrolled in a treatment program they were already granted the opportunity to participate in. Therefore, their claims are moot, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For the foregoing reasons, Defendants respectfully reiterate their request Plaintiffs' lawsuit be dismissed as moot in its entirety.

Respectfully submitted this 27th day of June, 2023.

PHILIP J. WEISER
Attorney General

*s/ Ann Stanton*
MARK LOCKEFEER
ANN STANTON
Assistant Attorneys General
Civil Litigation & Employment Law Section
Corrections Unit
Attorneys for Defendants

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6555
Facsimile: (720) 508-6632
Mark.lockefeer@coag.gov
Ann.stanton@coag.gov
*Counsel of Record

# CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 8) UNDER FED. R. CIV. P. 12(B)(1) FOR LACK OF SUBJECT-MATTER JURISDICTION** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, on June 27, 2023, addressed as follows:

Brian Aigner, #186942
Fremont Correctional Facility (FCF)
P.O. Box 999
Canon City, CO 81215-0999

Gino Lerner, #119107
Bent County Correctional Facility (BCCF)
11560 Road FF75
Las Animas, CO 81054-9573
*Plaintiffs Pro Se*

**Courtesy Copies Emailed:**
Adrienne Sanchez, CDOC

*s/ Ann Stanton & Mariah Cruz-Nanio*

8