Case No. 1:22-cv-00888-SKC-NRN   Document 73   filed 09/18/23   USDC Colorado   pg 1 of 13

Original form provided free of Charge by CO DOC Legal Services to
Offender \_Lerner_____ DOC# 117107
Date MAR 21 2022

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2023 SEP 18 PM 12:33

JEFFREY P. COLWELL
CLERK

BY_____ DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **1:22-cv-00888-NYW-NRN**
(To be supplied by the court)

**Gino Lerner**, Plaintiff

v.

**Amanda Betting**

_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

---

## SUPPLEMENTAL
## PRISONER COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

Original form provided free of Charge by CO DOC Legal Services to
Offender __Milligan__   DOC# __42327__
Date __MAR 02 2022__

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

__Gino Lerner - DOC No. 119107 - Bent County Correctional Facility -__
(Name, prisoner identification number, and complete mailing address)

__11560 Road FF.75 - Las Animas, Colorado 81054-9573__
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
__X__ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: __Amanda Retting - SOTMP Administrator - CDOC__
(Name, job title, and complete mailing address)

__1250 Academy Park Loop - Colorado Springs, Colorado 80910__

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __X__ Yes ____ No (*check one*). Briefly explain:

__Defendant was the SOTMP Administrator for the__
__Colorado Department of Corrections__

Defendant 1 is being sued in his/her ____ individual and/or __X__ official capacity.

2

Original form provided free of Charge by CO DOC Legal Services to
Offender __Lerner__ DOC# __119107__
Date __MAR 2 1 2022__

Defendant 2: __None__
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: __None__
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__X__   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

__X__   Other: (*please identify*) __42 U.S.C. 1988 and 28 U.S.C. 1331 and 1343__

# I. INTRODUCTION

Mr. Lerner is an inmate in the custody of the Colorado Department of Corrections ("CDOC") serving an indeterminate sentence under the Colorado Sex Offender Lifetime Supervision Act of 1998 (the "1998 Act"). Pursuant to the plain language of the 1998 Act, sex offenders "shall be required as part of the sentence to undergo treatment" and cannot be released on parole unless they have "successfully progressed in treatment." Colo. Rev. Stat. §§ 18-1.3-1004(3); 18-1.3-1006(1)(a); People v. Manaois, 488 P.3d 1099, 1110 (Colo. 2021). As a result, under the 1998 Act, participation in sex offender treatment is an absolute prerequisite for release on parole. Beebe v. Heil, 333 F. Supp. 2d 1011, 1016 (D. Colo. 2004).

On April 29, 2022 Mr. Lerner and Mr. Brian Aigner filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983, asserting violations of their Fourteenth Amendment rights alleging failure to provide access to the Sex Offender Treatment and Monitoring Program operated by the CDOC. The Defendants filed their Motion to Dismiss arguing that there is no protected liberty interest in receiving sex offender treatment. ECF No. 30. On February 3, 2023, the Magistrate Judge issued a Recommendation on the Motion to Dismiss, ECF No. 35, which recommended that the Defendants' Motion be denied.

On February 9, 2023, Mr. Lerner was placed into the Sex Offender Treatment and Monitoring Program ("SOTMP") to participate in sex offender treatment.

On March 17, 2023 Mr. Lerner was charged with a Class II, Rule 7, Code of Penal Disciple violation of Possession or use of Dangerous Drugs based upon the results of a urine sample taken from him on March 11, 2023. A formal disciplinary hearing was held on March 30, 2023 at which time Mr. Lerner was found guilty of the violation by the Hearing Officer. The conviction was reviewed and affirmed by Lt. T. Currington on March 31, 2023. On April 13, 2023 Mr. Lerner filed an appeal pursuant to A.R. 150-01, Code of Penal Discipline.

On April 18, 2023 Mr. Lerner participated in a termination hearing with the SOTMP and he was terminated from sex offender treatment due to

his code of penal discipline violation conviction.

On May 23, 2023, the U.S. District Court adopted the Magistrate Judge's Recommendation and denied the Defendants' Motion to Dismiss. ECF No. 43.

On June 27, 2023 Warden A.W.L. Reaux signed and issued a Expungement Order (A.R. Form 950-10A) for a total expungement of the conviction and sanctions documented in Case #23-8494UW heard on March 30, 2023 and that the Class II-Rule 7 conviction for possession or use of dangerous drugs shall be expunged effective June 29, 2023.

Also on June 27, 2023 the Defendants filed a Motion for Leave to File a Second Rule 12(b) Motion, based upon Mr. Lerner and Mr. Aigner being enrolled in the SOTMP for sex offender treatment. ECF No. 53.

On or about July 10, 2023, Defendant Amanda Retting, the SOTMP Program Administrator, was contacted by Mr. Lerner's case manager about the Expungement Order issued for a total expungement of the conviction on the code of penal discipline violation of possession or use of dangerous drugs signed and issued by Warden Reaux.

In response Defendant Amanda Retting specifically stated:

> Mr. Lerner signed the SOTMP treatment contract on 2/9/2023, indicating that he understood the conditions of participation in SOTMP. On 4/18/2023, Mr. Lerner was suspended from SOTMP for violating the treatment contract. He participated in a termination hearing with SOTMP and the recommendation for termination was upheld. Due to the expungement being a procedural issue the termination from SOTMP is maintained as Mr. Lerner did have a positive UA making him amenable for treatment at this time.

The CDOC Code of Penal Discipline (A.R. 150-01) outlines to due process applicable in the prison disciplinary process within the CDOC. The authority the CDOC uses to base the due process therein, the offenders rights, and the offenders protections is cited as Wolff v. McDonnell, 418 U.S. 539 (1974); Superintendent v. Hill, 472 U.S. 445

(1985). See, A.R. 150-01 (vII), Code of Penal Discipline.

Pursuant to A.R. 150-01. IV. F. 10. g, Expungement and Restoration, it specifically provides the following due process right and protection:

(1) When a conviction is reversed on an appeal, or for administrative reasons, an expungement order will be completed.

(2) When an offender is found not guilty or a conviction is reversed on an appeal, the DOC will attempt to restore the offender to the greatest extent practicable all programs... lost during any period where such were suspended or removed as a result of the charges against them.

Defendant Amanda Retting is a CDOC employee assigned as the Program Administrator for the departments' Sex Offender Treatment and Monitoring Program and is fully aware that Mr. Lerner has the constitutionally protected due process right and entitlement to program restoration and his placement back into sex offender treatment and continued participation in this mandatory treatment due to the granting of his appeal on the disciplinary conviction and issuance of the appropriate Expungement Order. However, Defendant Amanda Retting is knowingly and willfully and wantonly refusing to abide by this constitutionally protected due process right and entitlement and openly being deliberately indifferent to Mr. Lerner's rights in violation of Colorado state statutes of 18-1.3-1004(3).C.R.S. and 18-1.3-1006(1)(a), as well as, Mr. Lerner's due process rights in violation of the Fourteenth Amendment to the United States Constitution.

Defendant Amanda Retting's actions against Mr. Lerner has no justifiable or legitimate penological or state interest, rather, her actions against Mr. Lerner contravene both penological and state interests in Mr. Lerner's being treated fairly in this matter.

Original form provided free of charge by CO DOC Legal Services to
Offender  Milligan  DOC# 42327
Date  MAR 02 2022

### D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Fourteenth Amendment Violation - Procedural Due Process</u>

Supporting facts:

Mr. Lerner hereby incorporates all other paragraphs of this Supplemental Prisoner Complaint as if fully set forth herein.

Mr. Lerner claims he does have a protected liberty interest in his ability to access and participate sex offender treatment consonant with the 1998 Act.

Under the Fourteenth Amendment to the United States Constitution, Mr. Lerner may not be deprived of this liberty interest without due process of law.

Defendant Amanda Retting has violated Mr. Lerner's right to due process by depriving him with deliberate indifference of the opportunity to continue his participation in sex offender treatment. This deprivation constitutes an atypical and significant hardship on Mr. Lerner relative to the ordinary incidents of prison life.

Mr. Lerner has and is currently experiencing a grievous loss due to Defendant Amanda Retting's deliberate indifference denying him access to and continued participation in sex offender treatment and making him ineligible for both consideration for and release on parole.

As a direct result and proximate result of Defendant Amanda Retting refusing to abide by the Expungement Order and rights and protections applicable thereunder, the Defendant's failure to provide Mr. Lerner with them is causing him to suffer significant harm in denying him his state-created rights and liberty interest to sex offender treatment.

4

CLAIM TWO: <u>Fourteenth Amendment Violation - Substantive Due Process</u>

Supporting Facts:

Mr. Lerner hereby incorporates all other paragraphs of this Supplemental Prisoner Complaint as if fully set forth herein.

Mr. Lerner claims he does have a protected substantive due process right to his not being punished outside the delineated procedures set forth in the CDOC's Code of Penal Discipline under Administrative Regulation 150-01 for prison disciplinary rule violations.

Under Administrative Regulation 150-01.IV.F.10.g, it limits the discretion of Defendant Amanda Retting by providing that she must restore Mr. Lerner's SOTMP sex offender treatment program and his participation therein due to the disciplinary conviction used as grounds to terminate him from the SOTMP was reversed on appeal and and expungement order was issued for full expungement of the conviction.

Under the Fourteenth Amendment to the United States Constitution, Mr. Lerner may not be punished without due process of law.

Defendant Amanda Retting has violated Mr. Lerner's substantive due process rights with deliberate indifference to continue to punish him for the disciplinary conviction after the disiplinary conviction was reversed on appeal and an appropriate expungement order was issued for full expungement of the conviction by refusing to restore his SOTMP program and sex offender treatment in violation of Administrative Regulation 150-01.IV.F.10.g.

Mr. Lerner has and is currently experiencing a grievous loss due to Defendant Amanda Retting's deliberate indifference to his protected substantive due process rights in the disciplinary process and restoration process that is causing him to suffer significant harm in denying him his state-created right and liberty interest in sex offender treatment to continue to punish him for the reversal of that disciplinary conviction which she does not have the authority to do.

Original form provided free of Charge by CO DOC Legal Services to
Offender __Milligan_____ DOC# __42327__
Date __MAR 02 2022__

E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  N/A

Docket number and court:  N/A

Claims raised:  N/A

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)  N/A

Reasons for dismissal, if dismissed:  N/A

Result on appeal, if appealed:  N/A

F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   _X_ Yes ___ No (*check one*)

Original form provided free of Charge by CO DOC Legal Services to
Offender __Milligan__ DOC# __42327__
Date __MAR 0 2 2022__

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

a. That this Court declare that the Plaintiff has a cognizable liberty interest in accessing and participating in sex offender treatment under the 1998 Act and implementing regulations;

b. That this Court declare that the Plaintiff has a cognizible due process protection to the benefits of the disciplinary conviction expungement order issued on the Class II- Rule 7 violation;

c. That this Court declare the actions of Defendant Amanda Retting described in this Supplemental Prisoner Complaint to be violations of the Plaintiff's substantive due process rights and protections under the Fourteenth Amendment to the U.S. Constitution.

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_/s/ [signature]_
(Plaintiff's signature)

__8th September, 2023__
(Date)

(Form Revised December 2017)

6

## Certificate of Service

I hereby certified that on this 18th day of September, 2023 I placed true copies of Plaintiff Lerner's Reply to Defendants' Response to Plaintiff's Motion for Leave to File a Supplemental Complaint at ECF No. 68 and the Supplemental Prisoner Complaint, postage prepaid, and addressed to the following parties:

Mark Lockefer
Ann Stanton
Assistant Attorney General's
1300 Broadway, 10th Floor
Denver, Colorado 80203

Brian Aigner, DOC No. 186942
Fremont Correctional Facility
P.O. Box 999   Unit-6
Canon City, Colorado 81215-0999

/s/ Gino Lerner
Gino Lerner

Gino Lerner
Beef
11560 Road FF.75
Las Animas, CO
81054

901 19th St.
Denver, Colorado 80294

No: 22-cv-00888-NYW-NRN

