IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00888-NYW-NRN

GINO LERNER, and
BRIAN AIGNER,

    Plaintiffs,

v.

MOSES ANDRE STANCIL, in his official capacity,
MICHELLE BRODEUR, in her official capacity,
KIMBERLY KLINE, in her official capacity, and
AMANDA RETTING, in her official capacity,[1]

    Defendants.

---

## MINUTE ORDER

---

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on Defendants' Motion to Dismiss Amended Complaint (ECF No. 8) Under Fed. R. Civ. P. 12(b)(1) for Lack of Subject-Matter Jurisdiction ("Second Motion to Dismiss"), [Doc. 60, filed August 7, 2023], filed by Defendants Moses Andre Stancil, Michelle Brodeur, Kimberly Kline, and Amanda Retting (together, "Defendants"); and Plaintiff Lerner's Motion for Leave to File Supplemental Complaint ("Plaintiff Lerner's Motion for Leave"), [Doc. 68, filed August 10, 2023], filed by Plaintiff Gino Lerner ("Mr. Lerner" or "Plaintiff Lerner").

    ***Procedural History.*** Mr. Lerner and Plaintiff Brian Aigner ("Mr. Aigner" or "Plaintiff Aigner" and, with Mr. Lerner, "Plaintiffs") are in the custody of the Colorado Department of Corrections ("CDOC"). *See* [Doc. 8 at 2–3]. Plaintiffs are serving indeterminate sentences pursuant to the Colorado Sex Offender Lifetime Supervision Act of 1998 ("SOLSA"). *See* [*id.* at 6]. SOLSA requires Plaintiffs to undergo sex-offender treatment as part of their sentences; SOLSA sentences consist of indefinite custody until the parole board concludes, among other conditions,

---

[1] According to Defendants, Defendants Joy Hart and Christina Ortiz-Marquez have been substituted with Defendants Kimberly Kline and Amanda Retting. *See* [Doc. 53 at 1 n.1]. Pursuant to Fed. R. Civ. P. 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Here, Defendants Hart and Ortiz-Marquez were sued in their official capacities. *See* [Doc. 8 at 1, 4–5]. Defendants Kline and Retting are thus automatically substituted as parties. The Court **DIRECTS** the Clerk of the Court to **AMEND** the caption and docket accordingly.

that Plaintiffs have "successfully progressed in treatment." [*Id.* (quoting Colo. Rev. Stat. § 18-1.3-1006(1)(a))]. Plaintiffs filed this action on April 13, 2022, claiming that CDOC, by and through Defendants, has prevented them from participating in or receiving sex-offender treatment through the Sex Offender Treatment and Monitoring Program ("SOTMP"). [Doc. 1]. Plaintiffs filed the operative pleading ("Amended Complaint"), which includes claims for violations of procedural and substantive due process, two weeks later. [Doc. 8].

Defendants moved to dismiss the Amended Complaint, arguing that Plaintiffs have no constitutionally protected liberty interest in accessing sex-offender treatment. [Doc. 21]. Plaintiffs opposed. [Doc. 29]. The Honorable N. Reid Neureiter recommended denying Defendants' motion. [Doc. 35]. On May 23, 2023, the Court overruled Defendants' objections and adopted Judge Neureiter's Recommendation, concluding that "Colorado law vests SOLSA inmates with a liberty interest in the opportunity to access sex-offender treatment," and that "interest triggers due process protections." [Doc. 43 at 11].

On June 27, 2023, Defendants filed their Motion for Leave to File a Second Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 8) Pursuant to Fed. R. Civ. P. 12(b) ("Defendants' Motion for Leave"). [Doc. 53]. In it, Defendants took the position that both Plaintiffs had, in fact, been enrolled in SOTMP after the inception of this lawsuit, which mooted the Amended Complaint and justified another motion to dismiss to argue mootness. *See* [*id.* at 3–4]. The Court ordered Plaintiffs to respond to Defendants' Motion for Leave by July 28, 2023. [Doc. 55]. Plaintiff Aigner responded by agreeing, on the merits, that his claims were moot and should be dismissed. *See* [Doc. 58 at 3]. Plaintiff Lerner did not respond to Defendants' Motion for Leave. The Court then granted Defendants' request for leave to file a second motion to dismiss, docketed the Second Motion to Dismiss, and construed Mr. Aigner's filing as his response on the merits. [Doc. 59]; *see also* [Doc. 60]. Mr. Lerner sought and obtained additional time to respond to the Second Motion to Dismiss, [Doc. 64], but the Court did not receive any such response.

Instead, Mr. Lerner filed his Motion for Leave, in which he represents that, while he had been enrolled in SOTMP as Defendants suggested, he has not been properly reinstated into the program after being terminated for a violation that has since been expunged. *See* [Doc. 68 at 2–4]. Defendants responded that Plaintiff Lerner's Motion for Leave was procedurally improper because it did not include the proposed revised pleading, but "[s]hould Lerner file a Rule 15 motion and proposed amended or supplemental complaint consistent with the allegations described in the instant Motion and in compliance with the Federal Rules of Civil Procedure and the Local Rules, Defendants anticipate that they likely will not oppose any such motion." [Doc. 72 at 3]. Along with his reply brief, [Doc. 74], Plaintiff Lerner attached a proposed pleading ("Supplemental Prisoner Complaint"), [Doc. 73], which tracks the events described in Plaintiff Lerner's Motion for Leave and includes claims for violations of procedural and substantive due process rights by Defendant Amanda Retting.

**Second Motion to Dismiss.** Federal courts are ones of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks

2

authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quotation omitted). As relevant here, "a case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Ind v. Colo. Dep't of Corrs.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quotation omitted)). "The crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world." *Smith v. Beccerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)).

Here, Defendants argue that because Plaintiffs have been enrolled in SOTMP, thus receiving the initial placement sought by the Amended Complaint, their claims for relief are moot. *See generally* [Doc. 60]; *see also* [Doc. 8 at 17–18 (seeking declaratory and injunctive relief with respect to Plaintiffs' initial enrollment in SOTMP)]. Mr. Aigner agrees that the Amended Complaint is now moot, at least as to him, because he has received the opportunity to participate in sex-offender treatment. *See* [Doc. 58 at 3]. Although Mr. Lerner has not responded to the Second Motion to Dismiss directly, his other filings recognize that he likewise enrolled in SOTMP in early 2023. *See, e.g.*, [Doc. 68 at 2 ("On February 9, 2023 Plaintiff Lerner was progressed to the top of the Global Referral List and placed in the SOTMP.")].

The Court agrees with Defendants and Mr. Aigner that the Amended Complaint that seeks enrollment in SOTMP has been mooted by Plaintiffs' enrollment in that program. *See Kibel v. Williams*, No. 19-cv-00754-PAB-NYW, 2019 WL 8359165, at *2 (D. Colo. Dec. 13, 2019) (finding claims for injunctive and declaratory relief related to enrollment in SOTMP to be moot once inmate was enrolled in SOTMP), *report and recommendation adopted*, 2020 WL 563295 (D. Colo. Feb. 5, 2020); *see also Conkleton v. Zavaras*, 527 F. App'x 750, 753–54 (10th Cir. 2013). As Defendants explain, "[a]ny determination that the Court could make regarding the substantive claims would have no real-world effect," as "the Court would be ordering . . . Plaintiffs to be enrolled in a treatment program they were already granted the opportunity to participate in." [Doc. 60 at 6]. The allegations in Plaintiff Lerner's Motion for Leave do not suggest otherwise, as they relate to intervening events that postdate Mr. Lerner's initial entry into SOTMP and involve a different alleged deprivation. *See generally* [Doc. 68]. Plaintiffs—as Mr. Aigner recognizes and as Mr. Lerner has not denied—have now obtained the relief sought in their Amended Complaint, [Doc. 8], and continued prosecution of their claims would have no real-world effect. The Court finds that dismissal of the Amended Complaint is appropriate under Rule 12(b)(1). The Second Motion to Dismiss is **GRANTED**.

***Plaintiff Lerner's Motion for Leave.*** At this stage of the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Defendants have opposed Plaintiff Lerner's Motion for Leave on procedural grounds, they specifically state that they "likely [would] not oppose" a motion that attaches a proposed pleading consistent with the allegations in Plaintiff Lerner's Motion for Leave. [Doc. 72 at 3]. The primary procedural problem identified by Defendants is that Plaintiff Lerner "did not attach a copy of the proposed supplemental complaint" to his motion, preventing Defendants from "ascertain[ing] the full

3

scope."  [*Id.* at 2].  Plaintiff Lerner subsequently filed his proposed revised pleading.  *See* [Doc. 73].

Considering Rule 15's mandate to "freely give leave," Plaintiff Lerner's pro se status, Plaintiff Lerner's correction of the procedural deficiency pointed out by Defendants, Defendants' implied non-opposition to the Supplemental Prisoner Complaint, and the fact that the events described in the Supplemental Prisoner Complaint occurred after this action commenced and could not have been included in a prior pleading, the Court finds that amendment is in the interest of justice.  Plaintiff Lerner's Motion for Leave is accordingly **GRANTED**.

The only remaining Parties in this action are Plaintiff Lerner and Defendant Amanda Retting.  The only remaining claims are those in the Supplemental Prisoner Complaint.  *See* [Doc. 73].

Accordingly, **IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss Amended Complaint (ECF No. 8) Under Fed. R. Civ. P. 12(b)(1) for Lack of Subject-Matter Jurisdiction [Doc. 60] is **GRANTED**;

(2) The Amended Complaint [Doc. 8] is **DISMISSED without prejudice**;

(3) Plaintiff Lerner's Motion for Leave to File Supplemental Complaint [Doc. 68] is **GRANTED**;

(4) Defendant Amanda Retting **SHALL RESPOND** to the Supplemental Prisoner Complaint [Doc. 73] on or before **November 9, 2023**; and

(5) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

Gino Lerner, #119107
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

and

Brian Aigner, #186942
Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81215

DATED:  October 19, 2023