IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-00888-SKC-NRN

GINO LERNER,

    Plaintiff,

v.

AMANDA RETTING,

    Defendant.

## ORDER

According to the Second Amended Complaint, Plaintiff Geno Lerner was terminated from the Colorado Department of Corrections' Sex Offender Treatment and Monitoring Program (the "Program") for a penal code violation that has since been expunged. Dkt. 73, pp.5-6. He contends that despite this expungement, Defendant Amanda Retting, the Program Administrator, has refused to reinstate him into the Program in violation of his procedural and substantive due process rights. *Id.*[1]

---

[1] Plaintiff was originally joined in this case by Brian Aigner. In their initial complaint, both Plaintiffs sought admission into the Program. After Defendants' first motion to dismiss was denied, both Plaintiffs were admitted and began treatment. Dkt. 53. While Mr. Aigner admitted his claims were moot and should be dismissed, Plaintiff amended his pleadings to include his present claims regarding his expulsion from the Program. Dkts. 58, 73.

1

Defendant filed a Motion for Summary Judgment (Dkt. 97), which the undersigned referred to Magistrate Judge N. Reid Neureiter. On May 5, 2025. Judge Neureiter subsequently issued his Recommendation that the Motion be granted. Dkt. 118. Plaintiff filed his Objection to the Recommendation on May 20, 2025 (Dkt. 122), and Defendant filed her Response on June 3, 2025. Dkt. 123.

Having reviewed the Second Amended Complaint, the Motion for Summary Judgment and its related briefing, the Recommendation, and the Objection and Response, the Court agrees with Judge Neureiter's thorough and well-reasoned conclusion that Defendant Retting is entitled to judgment as a matter of law. Accordingly, the Court OVERRULES Plaintiff's objections and AFFIRMS and ADOPTS the Recommendation.

## LEGAL STANDARDS

**1.   Review of a Magistrate Judge's Recommendation**

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before

2

the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985).

("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

### 2.     Treatment of a Pro Se Plaintiff's Pleadings

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

## ANALYSIS

In his Recommendation, Judge Neureiter conducted a thorough analysis of whether there were disputed issues of material fact warranting a jury trial on either of Plaintiff's claims. Dkt. 118. Based on the undisputed facts, Judge Neureiter concluded that Plaintiff was afforded all the procedural due process protections he was owed prior to being terminated from the Program. *Id.* at pp.10-22. He further concluded that because there was no evidence Plaintiff was barred from ever re-

4

entering the Program, Defendant Retting's conduct did not "shock the conscience" as necessary for a substantive due process claim. *Id.* at pp.22-26.

In his objection, Plaintiff does not identify any factual or legal errors in Judge Neureiter's Recommendation. Dkt. 122. To be sure, the objection does not address the Recommendation at all. *Id.* Instead, Plaintiff simply reasserts his contention that he should have been reinstated into the Program following the expungement of his penal code violation. *Id.* at pp.2-3. Ultimately, Plaintiff's argument amounts to little more than a dispute as to the correctness of the magistrate judge's conclusion, which is not sufficient to warrant *de novo* review. *Kazarinoff*, 2024 WL 98385, at *2.

In the absence of specific objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b). The Court has reviewed the Recommendation accordingly and concludes that it is thorough, well-reasoned, and correctly applies the facts and law. There is no clear error on the face of the record regarding the Recommendation.

*    *    *

For the reasons shared above, the Court OVERRULES Plaintiff's objections to the Recommendation. The Court AFFIRMS and ADOPTS Judge Neureiter's analysis

5

and conclusion that Defendant Retting is entitled to judgment in her favor. The Motion for Summary Judgment is GRANTED.

DATED: September 17, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge